Filed 1/8/15  P. v. Henderson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS HENDERSON,<br><br>    Defendant and Appellant. | D065238<br><br><br>(Super. Ct. No. SCD243546) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed as modified with directions.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony DaSilva, Deputy Attorneys General, for Plaintiff and Respondent.

On the night of September 24, 2012, Catherine G. drove her van to a liquor store where she met her friend, Thomas Henderson.  They bought alcohol, then Ms. G. drove

Henderson to a church parking lot. When she told him she did not want to hang out with him and get drunk, he became upset, took her keys and her phone and left. About 10 or 15 minutes later, Henderson returned. He hit Ms. G. in the head, threw her into the back of the van and drove to a park. He stripped off her dress; beat her face, stomach and chest with his fists; threatened to kill her; and tried to force her to perform sexual acts. He put his penis into her mouth momentarily and into her anus. Around 2:00 a.m. on September 25, a patrolling police officer approached the van. Ms. G. stuck her head out the window, said that she was being raped and needed help, jumped out of the van and ran to the officer. Henderson stuck his head out of the van and said, "I didn't rape her. We were having sex." Ms. G.'s right eye was bruised and swollen, her left eye was swollen shut, her nose was swollen, her neck and face were bruised and several of her teeth were chipped. There were lacerations on her right ear and left shoulder and an oozing laceration below her left eye. She suffered injuries to her arms and left leg, eight rib fractures and a punctured lung.

A jury found Henderson guilty of forcible sodomy (Pen. Code,[1] § 286, subd. (c)(2)(A); count 2) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 4). As to both counts, the court found Henderson had personally inflicted great bodily injury (§§ 12022.5, 12022.7, 12022.8, 667.61, subds. (a), (c), (d)). Henderson waived trial and in a bifurcated proceeding admitted two serious felony prior convictions (§ 667, subd. (a)) and two strikes (§§ 667, subds. (b)-(i)). The court

---

[1] All further statutory references are to the Penal Code.

sentenced Henderson to 75 years to life plus 10 years in prison:  on count 2, 75 years to life; on count 4, a concurrent sentence of 25 years to life and three years for the section 12022.7 enhancement; and five years for each serious felony prior.  Henderson appeals, contending the sentence on count 4 must be stayed (§ 654) in light of the court's comments at sentencing and the domestic violence fee (§ 1203.097) must be stricken as unauthorized.

Section 654 bars double punishment, including concurrent sentences, for a course of conduct constituting one indivisible transaction with one criminal objective.  (*Neal v. State of California* (1960) 55 Cal.2d 11, 19; *People v. Latimer* (1993) 5 Cal.4th 1203; *People v. Lee* (1980) 110 Cal.App.3d 774, 785.)  Here, at sentencing, the court denied Henderson's motion to dismiss the strikes, stating, "the probation department was recommending that the court do consecutive sentencing on count four.  And to me, the physical assault was absolutely part and parcel of the sexual assault.  I believe that they happened simultaneously."  Later, the court stated:  "As to count four, the court is imposing 25 to life concurrent and three years consecutively for the [section] 12022.7 [enhancement] per . . . section 654."[2]  Henderson contends that in light of the court's first statement, the sentence on count 4 must be stayed pursuant to section 654.  Respondent properly concedes the point.

---

[2]    The abstract of judgment lists a stayed three-year sentence (§ 654) for the enhancement

Henderson contends the domestic violence fee (§ 1203.097) must be stricken as unauthorized. Respondent properly concedes the point. The domestic violence fee applies only when the defendant is granted probation. (§ 1203.097, subd. (a).)

DISPOSITION

The judgment is modified by staying the sentence for assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 4) and striking the $400 domestic violence fee (§ 1203.097). As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

NARES, Acting P. J.

WE CONCUR:


McINTYRE, J.


IRION, J.

4